GLICKSTEIN, Judge.
Police officers who had a warrant for the arrest of Debra Downs saw her enter the home of appellant Stephen Larry Horvath. They knocked on the door, and Horvath told them to wait a while. When they were admitted and asked for Debra, Horvath told them she was in the bedroom. When they entered the bedroom they discovered she was in the adjoining bathroom.
A female officer entered the bathroom and came out with Debra Downs. Detective Pollock then went into the bathroom, where he saw traces of a powdery substance on the toilet seat and a plastic bag in the waste basket.
When Pollock came out of the bathroom he asked Debra why she took so long in the bathroom. Debra said Larry Horvath had come in and dumped cocaine down the toilet.
Half a dozen officers were in the house. There was conflicting testimony of officers as to whether Horvath was already under detention or not, on account of his involvement with a stolen vehicle found near the house, when Pollock asked Horvath for permission to search the house, explaining that if he gave no permission the police could obtain a search warrant on the strength of the powder and baggie that Pollock had seen in the bathroom, and that Horvath would be held for the three or four hours it might take to get the warrant. Horvath consented to the search. A similar colloquy occurred when a safe was discovered, and Horvath opened the safe. Physical evidence seized as the result of the search included a substantial cache of cocaine, guns,' exploding ammunition and VIN tags removed from automobiles.
Horvath pleaded nolo contendere to charges of trafficking in cocaine, possession of exploding ammunition and unauthorized use of driver’s license when his motion to suppress the physical evidence as the fruit of an illegal search was denied. He preserved the suppression issue for appeal. Judgment and sentence followed.
We reverse. The physical evidence should have been suppressed because the search was not consensual.
The police conduct principally effectuating this result is Detective Pollock’s search of the bathroom and use of his observation to obtain Horvath’s consent to the house-wide search. There is no Fourth Amendment exception that can justify Pollock’s search of the bathroom after another officer had brought the person who was the subject of the arrest warrant out of that room. Because that search was illegal, use of the result of the search of the bathroom to persuade Horvath to allow a search of the entire house was coercive. Norman v. State, 379 So.2d 643, 648 (Fla.1980). Moreover, a consensual search after a search has begun illegally is per se illegal. Norman v. State, 379 So.2d at 647; Taylor v. State, 355 So.2d 180, 183 (Fla. 3d DCA) cert. denied, 361 So.2d 835 (Fla.1978).
HERSEY, C.J., and LETTS, J., concur.